IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

ODYSSEY MARINE EXPLORATION, INC.          :
                                          :
                          Plaintiff,      :          CIVIL ACTION
                                          :
              v.                          :          Case No.
                                          :
THE UNIDENTIFIED, SHIPWRECKED             :
VESSEL, its apparel, tackle, appurtenances and   :
cargo located within a 5 mile radius of the center   :
point coordinates 52° 05' N, 13° 56'W, (the exact   :
coordinates to be provided under seal at the Court's   :
request), *in rem*                        :
                                          :
                                          :
                          Defendant(s).   :
_____/

## VERIFIED COMPLAINT IN ADMIRALTY *IN REM*

Plaintiff, Odyssey Marine Exploration, Inc. ("Odyssey"), by its undersigned counsel,

hereby asserts the following Complaint *in rem* against the Defendant Shipwrecked Vessel, its

apparel, tackle, appurtenances, and cargo (hereinafter, "Defendant Shipwrecked Vessel")

located within 5 miles of the coordinates 52° 05' N, 13° 56'W.

## THE PARTIES

1.      Odyssey is a Nevada corporation with its principal place of business at 5215

West Laurel St., Tampa, Florida 33607. Odyssey is engaged in the business of deep ocean

exploration and the recovery of shipwrecks around the world.

2.      The Defendant Shipwrecked Vessel is believed to be the remains of a steel

Dockets.Justia.com

hulled vessel lying at a depth of approximately 400 meters in the North Atlantic Ocean beyond the territorial waters or contiguous zone of any sovereign nation, approximately 375 miles from the entrance to the English Channel. Upon information and belief, no extant entity or person presently claims any ownership interest in the Defendant Shipwrecked Vessel. The value of the Defendant Shipwrecked Vessel cannot be estimated at this time.

## JURISDICTION AND VENUE

3.     This is a case of admiralty and maritime jurisdiction stating a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C and D as hereinafter more fully appears. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1333. In addition, the Court has constructive *quasi in rem* jurisdiction over the Defendant Shipwrecked Vessel.

4.     Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391. Plaintiff's principal place of business is located in this District, and artifacts recovered from the Defendant Shipwrecked Vessel will be brought within the District during and after appropriate conservation and preservation efforts.

## FACTS

5.     Odyssey first located the site of the Defendant Shipwrecked Vessel in the fall of 2008 using sonar and magnetometer equipment. Odyssey has undertaken a preliminary survey of the wreck site and has taken limited video and photographic images using a surface-controlled remotely operated vehicle ("ROV").

6.     The Defendant Shipwrecked Vessel rests on the sea floor at a depth of approximately 400 meters, beyond the territorial waters or contiguous zone of any sovereign

2

nation. The shipwreck's position is located in an area referred to herein as the "Salvage Area" and is defined by the afore-mentioned centerpoint coordinates. Upon information and belief, no other salvor is currently working on this site. To the best of Odyssey's knowledge, no salvor has sought to protect an interest in the vessel through an arrest. Odyssey has maintained actual, continuous, and exclusive possession or constructive occupancy of the wreck site to the extent this is possible.

7.     The wreck site consists of vessel remains and unidentified objects. Odyssey believes that valuable cargo may be located at or near the site.

8.     Odyssey has voluntarily and successfully obtained video and photographic images of the Defendant Shipwrecked Vessel and has begun preliminary documentation of the site. Odyssey is ready and able to conduct operations to recover artifacts from the Defendant Shipwrecked Vessel, although it has done so only on a limited basis thus far. Before undertaking recovery operations, Odyssey will need to complete additional survey operations to support the development of a safe and effective recovery plan.

9.     Upon the filing of this action, Odyssey intends to turn over to the United States Marshal for the Middle District of Florida for symbolic arrest *in rem* a piece of wood (hereinafter referred to as the "artifact") recovered from the Defendant Shipwrecked Vessel.

10.     In addition to the artifact presented to the Court, any further artifacts recovered from the Defendant Shipwrecked Vessel will be recovered under the jurisdiction of this Court, and will be within the actual and/or constructive possession of this Court or its duly-appointed Substitute Custodian during the pendency of this action. It is noted that artifacts recovered from the site may be turned over provisionally to the Receiver of Wreck

in the appropriate jurisdiction if required by local law.

11. This Court has, or will have during the pendency of this action, jurisdiction over any potential claimant or competing salvor by virtue of its contacts to this forum; the nature of the Plaintiff's admiralty action; the relationship of the potential claimant and/or salvor to the Plaintiff, the forum, and the cause of action; and/or under the principles of jurisdiction by necessity.

12. This Court's exercise of jurisdiction over competing claimants and/or salvors is necessary to prevent irreparable injury to, or destruction of the Defendant Shipwrecked Vessel; to allow the Plaintiff to continue to pursue its ongoing survey and recovery operations without interference; to bring the recovered artifacts within this District; and to prevent destruction of this Court's actual and potential jurisdiction.

13. Odyssey, its agents and associates, have invested substantial time, money and effort in locating, surveying and photographing the Defendant Shipwrecked Vessel, and are investing substantial resources in planning the physical recovery of artifacts from the Defendant Shipwrecked Vessel.

14. Odyssey, its agents and associates, are actively, voluntarily and successfully engaged in the process of reducing certain artifacts from the Defendant Shipwrecked Vessel to the Plaintiff's exclusive custody, possession, dominion and control, as circumstances permit, and Odyssey has the present ability and intention to continue to do so during the pendency of this action.

## PLAINTIFF'S CLAIMS

## COUNT I

## POSSESSORY AND OWNERSHIP CLAIM
## PURSUANT TO THE LAW OF FINDS

15.     Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations set forth above in paragraphs 1 through 14.

16.     This count arises under Supplemental Admiralty Rule D and general maritime law.

17.     The Plaintiff is, by virtue of its exclusive possession, dominion and control of the Defendant Shipwrecked Vessel, in possession of the Defendant Shipwrecked Vessel and has taken such actions as are necessary to constitute continued possession, dominion and control of the Defendant Shipwrecked Vessel.

18.     As there is no apparent extant owner of the Defendant Shipwrecked Vessel or its artifacts, Odyssey is entitled to an adjudication of title and ownership in the Defendant Shipwrecked Vessel, and her artifacts, and the right to recover the Defendant Shipwrecked Vessel and her artifacts without the interference of any other salvor, claimant, agency, department or instrumentality of any government, domestic or foreign.

## COUNT II

## SALVAGE AWARD CLAIM
## PURSUANT TO THE LAW OF SALVAGE

19.     Plaintiff incorporates by reference, as though fully set forth herein, the allegations, set forth above in paragraphs 1 through 18.

20.     This count arises under Supplemental Admiralty Rule C and the general

maritime law as salvage services constitute a preferred maritime lien.

21.    The Defendant Shipwrecked Vessel and her artifacts are subject to maritime peril and are in an utterly helpless condition from which she could not be rescued without the voluntary and successful services of Odyssey, its agents and associates.

22.    Plaintiff is under no legal obligation or official duty to render salvage services to the Defendant Shipwrecked Vessel.

23.    Plaintiff's voluntary services have been and will continue to be successful in rescuing and/or helping to rescue artifacts from the Defendant Shipwrecked Vessel in order to investigate and research the wreck and to return the recovered portions thereof to the stream of commerce from which they were lost.

24.    Plaintiff, by virtue of services performed, the private risk capital expended, the time spent and danger incurred in finding and recovering artifacts from the Defendant Shipwrecked Vessel, and all other relevant factors, is entitled to a liberal salvage award for such services.

COUNT III

DECLARATORY JUDGMENT

25.    Plaintiff incorporates by reference, as though fully set forth herein, the allegations set forth above in Paragraphs 1 through 24.

26.    This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a).

27.    Defendant Shipwrecked Vessel is located on the submerged lands referred to herein as the Salvage Area. This is an area located approximately 375 miles from the entrance to the English Channel beyond the territorial waters or contiguous zone of any

sovereign nation.

28.     No government has the authority to interfere with Odyssey's exploration and/or recovery of the Defendant Shipwrecked Vessel or to grant, condition or deny the right of Odyssey to do so within the waters of the Atlantic Ocean, beyond the territorial sea or contiguous zone of any sovereign nation; and the Defendant Shipwrecked Vessel is subject to the admiralty laws of abandonment and the law of finds or the maritime law of salvage.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a)     that a Declaratory Judgment issue that the Defendant Shipwrecked Vessel is subject to the admiralty laws of abandonment and the law of finds or the maritime law of salvage.

(b)     that a Declaratory Judgment issue that no government has the jurisdiction or authority to interfere with exploration for and/or recovery of the Defendant Shipwrecked Vessel, or to grant, condition or deny the right of Odyssey to do so within the waters of the Atlantic Ocean, beyond the territorial sea or contiguous zone of any sovereign nation.

(c)     that Odyssey be adjudged the true, sole and exclusive owner of the Defendant Shipwrecked Vessel and any items recovered therefrom;

(d)     in the alternative, should any claimant other than Odyssey be adjudged the owner of the Defendant Shipwrecked Vessel or any items recovered therefrom, that Odyssey be awarded a liberal salvage award, with the amount and/or composition of such award as may be determined by this Court pursuant to the law of salvage;

(e)    that Odyssey be adjudged as having the sole and exclusive right to conduct recovery operations on the Defendant Shipwrecked Vessel, to preserve any artifacts recovered from the Defendant Shipwrecked Vessel as either salvor-in-possession or finder-in-possession, without the interference of other third parties; and

(f)    that process *in rem* and/or *quasi in rem* and a Warrant of Arrest may issue in due form of law, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction against the aforesaid Defendant Shipwrecked Vessel, and/or artifacts recovered from the Defendant Shipwrecked Vessel, with notice to be posted on the shipwreck to all persons claiming an interest in Odyssey's ongoing recovery operations, to appear and answer this Complaint and to show cause as to why the artifacts recovered from the Defendant Shipwrecked Vessel by Odyssey and its associates should not be:

(i)    delivered to Odyssey as the sole and exclusive owner of said artifacts; or

(ii)    alternatively, appropriately transferred in satisfaction of any judgment in favor of Odyssey for a salvage award; and

(g)    that Odyssey may have such other and further relief as the justice of this cause may require.

Dated: November 5, 2008

Respectfully submitted,

Carl R. Nelson—FBN 0280186
Email: cnelson@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, Florida 33602
Phone: (813) 228-7411
Facsimile: (813) 229-8313

-and-

Melinda J. MacConnel–FBN 871151
Email: mmacconnel@shipwreck.net
Odyssey Marine Exploration, Inc.
5215 West Laurel Street
Tampa, FL 33607
Phone: (813) 876-1776, ext. 2240
Fax: (813) 830-6609

Attorneys for Plaintiff

40502369v1

9

## VERIFICATION

STATE OF FLORIDA         )
                                      )

COUNTY HILLSBOROUGH     )

Before me, the undersigned authority, personally appeared this day, <u>Melinda J. MacConnel</u>, <u>Vice President / General Counsel</u>, Odyssey Marine Exploration, Inc., who is personally known to me, and who was duly sworn and says that she has read the foregoing Complaint and is familiar with its contents which are true to the best of her information and belief.

_____ (Signature)
<u>Melinda J. MacConnel</u>       (Printed Name)
<u>Vice President / General Counsel</u>  (Title)

SWORN TO AND SUBSCRIBED before me this 5th day of November, 2008.

_____
Notary Public, State of Florida
at Large

NOTARY PUBLIC-STATE OF FLORIDA
**Valeria Terry**
Commission # DD452602
Expires: JULY 19, 2009
Bonded Thru Atlantic Bonding Co., Inc.

10